UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Discovery Responses, Documents, and a Privilege Log [670, 673]**

## I.    INTRODUCTION

On March 17, 2026, plaintiffs Catherine Blevins, et al. filed a motion to compel defendant Nursery Products, LLC to produce further responses to plaintiffs' interrogatories and requests for production ("RFPs"), as well as a privilege log. Docket no. 670. The parties' arguments are set forth in a joint stipulation ("JS"). Docket no. 671. Plaintiffs' arguments are supported by the declaration of their counsel Carlos Urzua ("Urzua Decl.") and exhibits. Defendant's arguments are supported by the declaration of its counsel Jared Hershman ("Hershman Decl.") and exhibits. Plaintiffs also filed a supplemental memorandum ("P. Supp.") on March 24, 2026. Docket no. 673.

The court found a hearing on this motion would not be of assistance and so vacated the hearing that was scheduled for April 7, 2026. The court now grants in part and denies in part plaintiffs' motion to compel for the reasons discussed below.

## II.    BACKGROUND

This case represents a consolidation of three related matters, *Blevins v. Synagro Technologies., Inc.*, 5:22-cv-01866-FLA-(SPx), *Walker v. Nursery Products., LLP*, 5:23-cv-00512-FLA-(SPx), and *Smith v. Nursery Products., LLP*, 5:23-cv-02120-FLA-(SPx). Each of these cases centers around the same events, the May 28, 2022 biosolids fire at defendants' sewage-composting facility and the harms that allegedly resulted to individuals in neighboring communities. JS at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

On May 30, 2025, plaintiffs served defendant with their Amended Interrogatories, Set Two and Amended Requests for Production of Documents, Set One. Urzua Decl. ¶ 2, Exs. A, B. Plaintiffs granted defendant two requested extensions and allowed defendant to respond by August 11, 2025. *Id.* ¶ 3, Ex. C. Defendant produced its responses to plaintiffs' interrogatories and RFPs on August 11, 2025. *Id.* ¶ 4, Exs. D, E. Plaintiffs claimed the responses were deficient and sent a meet and confer letter on August 26, 2025, outlining their concerns to defendant. *Id.* ¶ 5, Ex. F. After the parties met and conferred, defendant agreed to supplement its responses. *Id.* ¶ 6, Ex. G.

On October 3, 2025, defendant served supplemental responses to plaintiffs' interrogatories and RFPs. *Id.* ¶ 7, Exs. H, I. Plaintiffs noted that several deficiencies remained and so sent a second meet and confer letter to defendant on October 14, 2025. *Id.* ¶ 8, Ex. J. Defendant agreed to supplement after meeting and conferring. *Id.* ¶ 8. On November 21, 2025, defendant served its second set of supplemental responses to plaintiffs' interrogatories and RFPs. *Id.* ¶ 9, Exs. K, L.

Plaintiffs served their second set of RFPs on November 25, 2025, to obtain documents that had not yet been produced. *Id.* ¶ 10, Ex. M. The parties met and conferred via a conference call regarding defendant's production. *Id.* ¶ 11. Defendant agreed to supplement and on January 16, 2026, defendant served its third supplemental responses to plaintiffs' second set of interrogatories and first set of RFPs and its initial responses to plaintiffs' second set of RFPs. *Id.* ¶¶ 12-15, Exs. N-P.

On February 6, 2026, plaintiffs sent a meet and confer letter regarding defendant's responses to: (1) plaintiffs' Interrogatory No. 13; (2) plaintiffs' RFP Set One, Nos. 4, 18-19, and 24; and (3) plaintiffs' RFP Set Two, Nos. 38-46. *Id.* ¶ 17, Ex. Q; Hershman Decl. ¶ 2. Defendant responded on February 12, 2026, and requested a phone conference. Urzua Decl. ¶ 18. The parties met and conferred via Zoom on February 17, 2026, but were unable to reach agreement on any of the topics in plaintiffs' February 6 letter. *Id.*; Hershman Decl. ¶¶ 4-5. During the meet and confer session, defendant's counsel told plaintiffs that no documents were being withheld due to privilege and therefore no privilege log was required. Hershman Decl. ¶ 7. Plaintiffs' counsel confirms no privilege log has been produced. Urzua Decl. ¶ 22. Defendant agreed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

supplement some of the alleged deficiencies discussed at the February 17 meet and confer session by March 6, 2026.  Hershman Decl. ¶ 10, Ex. A.

Plaintiffs sent their portion of the parties' joint stipulation on March 4, 2026, two days before defendant had indicated it would produce supplemental responses.  *Id.* ¶ 12; Urzua Decl. ¶ 34.  On March 6, 2026, defendant served its fourth supplemental responses to plaintiffs' Interrogatories, Set Two, and RFPs, set one, as well as its first supplemental responses to plaintiffs' RFPs, Set Two.  Urzua Decl. ¶¶ 35-39, Exs. S-U; Hershman Decl. ¶ 13, Ex. B.  That same day, plaintiffs' counsel advised that in light of defendant's supplemental responses, they would be revising their portion of the joint stipulation. Hershman Decl. ¶ 14.  Plaintiffs served the current version of their portion of the parties' joint stipulation on March 9, 2026.  *Id.* ¶ 16.  In response, defendant served its fifth supplemental responses to plaintiffs' RFPs, Set One, and Interrogatories, Set Two, as well as its second supplemental responses to plaintiffs' RFPs, Set Two.  *Id.* ¶ 19, Ex. C.

Plaintiffs filed the instant motion on March 17, 2026.  Docket no. 670.  The discovery cutoff in this case is June 5, 2026.  Docket no. 558 at 4.

### III.    DISCUSSION

Plaintiff moves to compel defendant to provide further responses and document production in response to Interrogatory No. 13 and RFP Nos. 4, 18-19, 24, and 31-46, as well as a privilege log.

### A.    Legal Standard

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).  To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining the needs of the case, the court "consider[s] the importance of the issues at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|----------|-----------------------------------------------------------|------|--------------|
| Title | In re Nursery Products Litigation | | |

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

**B.    RFP Nos. 31-37**

As an initial matter, defendant argues that plaintiffs' motion to compel additional documents responsive to RFP Nos. 31-37 should be denied due to inadequate meet and confer. JS at 4-5, 41, 44, 46-48, 50, 52, 55. Defendant notes that plaintiffs' February 6, 2026 meet and confer letter did not address RFP Nos. 31-37 in any way and claims that the parties did not discuss those RFPs at their February 17, 2026, meet and confer session. Hershman Decl. ¶¶ 3, 6, 17. Defendant requests that plaintiffs' motion be denied with respect to RFP Nos. 31-37 due to plaintiffs' failure to fully comply with Local Rule 37-1. JS at 4-5.

Local Rule 37-1 states that "[b]efore filing any motion related to discovery . . . , counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." The moving party must serve a letter to the opposing party outlining the parties' disputes. L.R. 37-1. "The moving parties' letter must identify each issue and/or discovery request in dispute, state briefly as to each issue/request the moving party's position . . . and specify the terms of the discovery order to be sought." *Id.* A party's failure to comply with L.R. 37 "may result in the imposition of sanctions." L.R. 37-4.

Plaintiffs themselves acknowledge that their February 6, 2026 meet and confer letter entirely fails to discuss RFP Nos. 31-37. P. Supp. at 5; Urzua Decl. ¶ 17, Ex. Q. They argue that this noncompliance should be excused because they "raised the absence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

of any privilege log identifying documents withheld in response to all requests."  P. Supp. at 5.   However, plaintiffs were explicitly warned in a prior order of this court that "all future discovery motions must be filed in strict compliance with the local rules . . . ."  Docket no. 669 at 4; Hershman Decl. ¶¶ 20-22, Ex. D.  Even so, plaintiffs again failed to fully comply with the local rules.  Based on their failure to comply with Local Rule 37-1, the court denies without prejudice plaintiffs' motion to compel production of documents responsive to RFP Nos. 31-37.  The parties are directed to meet and confer about defendant's responses to these RFPs if they remain in dispute.

**C.     Air Monitoring Information (Interrogatory No. 13, RFP Nos. 4 and 24)**

Plaintiffs first request that defendant be ordered to produce supplemental responses to plaintiffs' Interrogatory No. 13 and RFP Nos. 4 and 24.  Interrogatory No. 13 requests that defendant describe all air monitoring data collected at its facility from January 1, 2022 to January 1, 2023.  JS at 6.  Plaintiffs' RFP Nos. 4 and 24 request all air monitoring data and measures of wind speed and direction collected at the facility during the same time period.  JS at 20, 34.

**1.     Interrogatory No. 13**

Defendant maintains it has adequately responded to plaintiffs' Interrogatory No. 13 by identifying documents and records produced pursuant to Federal Rule of Civil Procedure 33(d).  JS at 17.  Defendant also argues that its Rule 30(b)(6) witness, Venny Vasquez, already explained what air monitoring information was collected by defendant in his deposition.  JS at 19.  Plaintiffs argue that defendant's document production is deficient and that they are entitled to an explanation of exactly what types of air monitoring information defendant collects.  JS at 14-15; P. Supp. at 2.  The parties do not dispute the time period for Interrogatory No. 13 since the parties resolved that issue during their meet and confer session.  *See* Urzua Decl. ¶ 24.

Setting aside the issue of whether defendant's document production is insufficient, the court agrees that defendant must provide a clear response to plaintiffs' Interrogatory No. 13.  Defendant briefly states that Mr. Vasquez explained that defendant records the wind speed and temperature of windrow piles at his deposition.  *See* JS at 19.  But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

defendant did not provide a copy of the Vasquez deposition for the court's review or include an explanation of Mr. Vasquez's statements in a declaration.  As such, defendant fails to provide any evidence to support their argument.  In addition, the court agrees with plaintiffs that the various documents produced by defendant are insufficient to respond to Interrogatory No. 13 under Rule 33(d).  The documents produced, as described by both parties, included several different types of logs, ranging from worksheets to a detailed May 2022 climatology study.  JS at 14-18.  With such range of records and types of information collected in the various documents provided, plaintiffs are essentially left to guess what kinds of air monitoring information was regularly collected by defendant, not to mention their uncertainty as to whether the production provides a complete picture.  Given the nature of Interrogatory No. 13 – which calls for a detailed description of data collected, not a compilation of that data – plaintiffs are entitled to a clear and complete statement by defendant detailing the types of air monitoring data it collected.

Accordingly, defendant is ordered to produce a sixth supplemental response to plaintiffs' Interrogatory No. 13 explaining exactly what air monitoring data was regularly collected at defendant's facility.

### 2.    <u>RFP Nos. 4 and 24</u>

Defendant contends it has conducted a thorough search for all information that could be responsive to RFP Nos. 4 and 24 and has produced all relevant information, including wind logs from January 2022, Material Management PFRP Worksheets from March through August 2022, correspondence from the facility's site manager, and a monthly climatology summary for May 2022.  JS at 13-14, 17-18.  Defendant acknowledges that it possesses PFRP worksheets from February and September through December 2022 that contain some air monitoring information, but defendant contends it should not be produced because the information in the worksheets is not relevant and is otherwise publicly available.  JS at 19-20.

Plaintiffs argue that the May climatology summary indicates that defendant collects more air monitoring information than the limited data in some of the documents defendant produced.  P. Supp. at 2.  They also argue that air monitoring data in the PFRP worksheets is relevant for the entire period because defendant will likely dispute the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

duration of plaintiffs' exposure to unpleasant odors as well as the areas affected by them. JS at 13.

Plaintiffs have adequately shown that the PFRP worksheets for February and September through December 2022 are relevant. The crux of this case involves a biosolids fire that began on May 28, 2022, and smoldered through September 2022. JS at 1, 13. Plaintiffs allege damages occurred to surrounding communities as air traveled from the facility to other areas. JS at 13. It is reasonable for plaintiffs to request information about wind patterns in the months before the fire and after the fire was extinguished since wind patterns may change over time. Although defendant argues that plaintiffs can collect this information from publicly available sources, it identifies no such sources nor provides any explanation as to why it would be unduly burdensome for defendant to produce the remaining information it possesses.

Accordingly, defendant is ordered to produce the remaining identified PFRP worksheets (i.e., February and September-December 2022). Defendant must also produce any other responsive documents it has in its possession or produce a declaration signed under penalty of perjury stating that no further responsive documents exist in defendant's possession, custody, or control.

## D.    Repair and Maintenance Logs (RFP Nos. 18, 19)

RFP Nos. 18 and 19 request all repair and maintenance logs related to fire suppression equipment and water mitigation resources at defendant's facility from January 2022 to January 2023. JS at 25, 31. Defendant has produced repair and maintenance logs from March through August 2022 but argues logs outside that time period are not relevant to the case. JS at 30. Defendant also contends that plaintiffs have no need for repair and maintenance logs from the facility's fire extinguishers because no fire extinguisher was used to suppress the May 2022 fire. *Id.* Plaintiffs argue that logs from the entire period are relevant to their negligence claims, since they contend defendant's on-site equipment was inadequate to fight the May 2022 fire. JS at 28.

The court agrees with plaintiffs that logs from the entire requested period are relevant to the case. The condition of defendant's fire suppression and water mitigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

equipment is directly relevant to plaintiffs' negligence claim since it may show whether the equipment was adequately maintained.  If repairs were not routinely conducted in the months prior to the fire, this could support plaintiffs' theory that the equipment was not properly maintained.  Similarly, repairs in the aftermath of the fire may be informative.  Nor do the Special Occurrence Logs already produced by defendant appear to satisfy defendant's production obligations.  Plaintiffs claim these logs are inadequate because they contain "vague entries" and never identify whether the equipment referenced relates to fire suppression or water mitigation resources.  P. Supp. at 3.  As such, the court finds the period from January 1, 2022 through January 1, 2023 is reasonable and relevant to plaintiffs' negligence claims.  But the court agrees with defendant that its fire extinguisher maintenance and repair records are not relevant to the case.  Given the scale of the fire and the manner in which it burned, it does not appear likely that fire extinguishers would have been used to suppress the May 2022 fire.

Defendant is therefore ordered to produce all repair and maintenance logs related to fire suppression equipment and water mitigation resources that could have reasonably been used to suppress the May 2022 fire.  This includes all documents from January 1, 2022 through January 1, 2023 in defendant's possession, custody, or control.

**E.**  **Photos/Videos/Audio Recordings (RFP Nos. 38-40)**

Plaintiffs next argue that defendant should be compelled to produce all documents responsive to their RFP Nos. 38-40.  RFP No. 38 requests all photos, video recordings, and audio recordings related to the incident.  JS at 56.  Incident is defined as "the release of air contaminants from burning biosolids" from defendant's facility.  Urzua Decl. ¶ 2, Ex. B.  RFP No. 39 requests all photos and video recordings of the May 28, 2022 fire.  JS at 62.  RFP No. 40 requests all photos and video recordings taken at defendant's facility from May 28, 2022 through December 31, 2022.  JS at 64.

Plaintiffs argue defendant has been inconsistent about whether it has produced all documents responsive to RFP Nos. 38-40.  They point to defendant's January 16, 2026 and March 6, 2026 productions, which contained employees' text messages with multiple embedded images and videos that have not been produced.  JS at 59; P Supp. at 3-4.  Many of the photos and videos from these text messages have not been produced or are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx | Date | May 12, 2026 |
|---|---|---|---|
| | This Order Relates to All Actions | | |
| Title | In re Nursery Products Litigation | | |

contained in thumbnails of defendant's employees' text messages and not produced in native format.  P. Supp. at 3-4.  Plaintiffs also note that defendant has not produced a single photo showing active flames, instead only producing a limited number of photos and videos depicting smoldering, smoke, and equipment.  JS at 59; Urzua Decl. ¶ 27.  They argue that given the fire burned for days and smoldered for months, more should have been produced.  JS at 59-60; Urzua Decl. ¶ 27.

Defendant argues that it has produced all photos, video recordings, and audio recordings in its possession, custody, or control.  JS at 61.  It notes that it has produced hundreds of photos and videos and that it has tried to make all photos embedded in text messages visible to plaintiff.  *Id.*  Defendant argues that it has not produced any images or videos of flames because it does not possess any due to the fact that the fire at issue primarily involved smoldering, not large flames.  JS at 61-62.  Defendant also objects to the time frame of RFP No. 40, arguing that the request should be limited from May 28, 2022 through September 2022.  JS at 67.

Defendant has raised a valid concern regarding the temporal scope of RFP No. 40.  Regardless of time scope, RFP No. 40 is inherently broad give that it requests all photos and videos taken throughout defendant's facility.  JS at 64.  It is unclear what relevance photos or video taken in the facility after the May 2022 fire was fully extinguished would have on the case.  While some photos taken during the period from September through December 2022 may be relevant, it stands to reason that many would not.  It would be disproportionate to the needs of the case to require defendant to produce all photos taken in the facility after the fire was extinguished in September 2022.  Accordingly, the court limits the scope of RFP No. 40 to photos or video taken in the facility between May 28, 2022 and September 30, 2022.

Defendant has indicated that it has produced all photos and recordings in its possession.  But plaintiffs have raised valid concerns about whether all responsive materials have been produced, particularly whether they have been produced in their native format.  As such, defendant must produce all responsive documents in their native format or in a format in which all photos and videos are visible to plaintiffs in their entirety.  If they maintain they have done so, defendant may produce a declaration signed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

under penalty of perjury stating that no further responsive documents exist in defendant's possession, custody, or control.

## F.      Odor Impact Minimization Plans (RFP No. 41)

RFP No. 41 requests all Odor Impact Minimization Plans ("OIMPs") from defendant's facility.  JS at 68.  An OIMP is a plan "developed to provide guidance to employees regarding the handling, storage, and removal of compostable materials."  JS at 69.  Plaintiffs argue that defendant's OIMPs are relevant because they may support plaintiffs' claims that defendant negligently stored rows of compostable materials containing more material than was recommended by the plan.  JS at 69-70.

Plaintiffs contend that they have had great difficulty determining which OIMP was in effect at the time of the May 2022 fire.  Plaintiffs were first told by defendant's Rule 30(b)(6) deponent that the operative OIMP was made prior to 2014.  Urzua Decl. ¶¶ 28, 42, Ex. R.  But in its subsequent January 16, 2026 production, defendant produced a September 2017 OIMP that would have superseded any pre-2014 OIMP.  JS at 70.  Then, on March 6, 2026, defendant supplemented its production yet again and produced an October 2017 OIMP.  JS at 70-71.  Plaintiffs argue they are essentially left to guess as to what OIMP was in effect at the time of the fire.  JS at 71.  In response, defendant implies that it has produced all relevant OIMPs and contends plaintiffs already had a copy of the October 2017 OIMP in any event.  JS at 72.

Plaintiffs have raised serious concerns as to whether the operative OIMP has been produced given the conflicting evidence produced by defendant and its piecemeal production.  Defendant argues all OIMPs have been produced in compliance with its discovery obligations.  Accordingly, defendant is ordered to produce a declaration signed under penalty of perjury stating which OIMP was the operative OIMP during the May 2022 fire, and to produce that OIMP if it has not already done so.

## G.      Online Fire Training Documents (RFP No. 42)

RFP No. 42 requests all online fire training documents for defendant's facility.  JS at 72.  Defendant states that it uses an online training platform run by the Convergence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

company.  JS at 77.  It claims that after reviewing all applicable trainings for the time period specified in RFP No. 42, the only training with even marginal relevance is the 2022 Fire Extinguisher Training.  JS at 78.  Defendant claims that it cannot produce the 2022 fire extinguisher training video because it is no longer available on its Convergence Portal and thus is no longer in their care, custody, or control.  *Id.*  Defendant also raises concerns about turning over Convergence's video on copyright grounds.  *Id.*

Plaintiffs argue that defendant's March 6, 2026 response states that defendant's "relevant online trainings 'include' the 'Fire Extinguisher Safety' training," thereby implying that other relevant trainings exist and were not produced.  JS at 75-76.  Plaintiffs also point to defendant's Fire Prevention Plan, which identifies 11 trainings that must be completed annually.  P. Supp. at 4.  Lastly, plaintiffs argue that defendant has failed to produce the names of all 21 employees who took the fire extinguisher training in 2022.  JS at 75.

As explained above, it is unlikely that fire extinguishers could have been used to successfully extinguish a fire on the scale of the May 2022 fire.  Plaintiffs have put forward no argument as to how training on an instrument that would be entirely inadequate to prevent or stop the May 202 fire is relevant to the case.  Therefore, defendant is not ordered to produce the names of all 21 employees who viewed the fire extinguisher training due to its limited relevance to the case.

Given defendant's Fire Prevention Plan and its own statements that could be read to imply other responsive trainings exist, plaintiffs have put forth at least a colorable argument that some responsive documents may be being withheld.  As such, defendant must either produce a declaration signed under penalty of perjury stating that no other relevant trainings exist in their possession, custody, or control, or produce any remaining relevant documents.

**H.     Documents Related to the January 29, 2021 Facility Fire (RFP No. 43)**

RFP No. 43 requests all documents related to the January 29, 2021 fire at defendant's facility.  JS at 79.  Defendant argues that such documents are irrelevant to the allegations made in the Second Amended Complaint, and that it has already produced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

some responsive documents.  JS at 81-82.  Plaintiffs argue that such documents are relevant to plaintiffs' negligence claims, including the issues of foreseeability and notice. JS at 80; P. Supp. at 4.

The court agrees that documents related to the prior January 29, 2021 facility fire are relevant to the case.  A fire less than two years before the May 2022 fire could provide evidence as to whether defendant knew or should have known about the risk of fire at the facility.  Moreover, documents related to how the January 2021 fire was handled by defendant, including measures taken after the previous fire, are not only relevant themselves, but may also lead to other discoverable materials.  Given the plain relevance of such materials, defendant is ordered to produce all documents responsive to RFP No. 43.

## I.     Documents Related to the May 2022 Fire, the Incident Generally, and Communications at the Facility (RFP No. 44-46)

Plaintiffs also request that defendant be compelled to produce all documents responsive to RFP Nos. 44-46.  RFP No. 44 requests all documents related to the May 2022 fire.  JS at 82.  RFP No. 45 requests all documents related to the incident, which is defined as "the release of air contaminants from burning biosolids" from defendant's facility.  JS at 87; Urzua Decl. ¶ 2, Ex. B.  RFP No. 46 requests all communications related to the incident, including communications between employees and third parties. JS at 89.

Defendant claims that it has produced all responsive documents in its possession, custody, and control over the course of several months.  JS at 86-87.  It notes that it has produced over 6,000 pages of documents and served five supplemental responses.  *Id.* Defendant simply claims it has nothing left to produce.  Plaintiffs argue the text messages recently produced by defendant shows this is not the case, claiming that the messages "make clear" that documents and correspondence about the May 2022 fire have not been produced.  JS at 84.  Plaintiffs also contend that businesses necessarily keep records of incidents of this scale and so there must be documents related to the fire in defendant's custody and control.  JS at 85.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-01866-FLA-SPx<br>This Order Relates to All Actions | Date | May 12, 2026 |
|---|---|---|---|
| Title | In re Nursery Products Litigation | | |

Defendant is correct that the court "cannot order a party to produce documents that do not exist." *Unilin Beheer B.V. v. NSL Trading Corp.*, 2015 WL 12698382, at \*5 (C.D. Cal. Feb. 27, 2015). But here plaintiffs have produced at least some evidence that additional responsive documents may exist that have not yet been produced. Accordingly, the court orders defendant to produce all documents responsive to RFP Nos. 44-46, and thereafter (or if it has already done so), produce a declaration signed under penalty of perjury stating that no additional documents exist in its possession, custody, or control.

## J.    Privilege Log

Lastly, plaintiffs request that defendant be compelled to produce a privilege log. JS at 1; P. Supp. at 5. Plaintiffs note that defendant asserted privilege objections on the basis of privilege for over 30 of plaintiffs' RFPs. JS at 1. Their position is somewhat confusing to the court given that both plaintiffs and defendant agree that defendant has repeatedly told plaintiffs they are not withholding any documents on the basis of privilege. *See* Urzua Decl. ¶¶ 22, 33; Hershman Decl. ¶¶ 7, 11, Ex. A. The provisions of Federal Rule of Civil Procedure 26 that require the production of a privilege log only apply "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . ." Fed. R. Civ. P. 26(b)(5)(A). Here, defendant has repeatedly stated it has not withheld any information on the basis of privilege. Hershman Decl. ¶¶ 7, 11, Ex. A. Accordingly, there is no privilege log that can be produced. Plaintiffs' request to compel defendant's production of a privilege log is therefore denied.

## IV.    ORDER

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART plaintiffs' motion to compel (docket nos. 670, 673), as set forth above.